UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MICHAEL E. CAMPBELL,    )<br>    )<br>   Plaintiff,    )<br>    )<br>   v.    )<br>    )<br>COMMISSIONER OF SOCIAL SECURITY,    )<br>*Martin O'Malley, Commissioner of Social*    )<br>*Security*,[1]    )<br>    )<br>   Defendant.    ) | CAUSE NO. 1:23-cv-00180-SLC |

## OPINION AND ORDER

Plaintiff Michael Campbell brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On December 1, 2023, upon an agreed motion to remand by the parties, the Court reversed the Commissioner's decision and remanded the case for further administrative proceedings, entering a judgment in Campbell's favor. (ECF 21-23).

Campbell's attorney, Ann Trzynka ("Counsel"), now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $18,000, less an offset of $12,000 for attorney fees previously collected under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, resulting in a net payment of $6,000 for Counsel's representation of Campbell in federal court. (ECF 30, 31). Neither the Commissioner nor Campbell oppose Counsel's fee request. (ECF 32, 33). For the following reasons, the motion for attorney fees will be GRANTED.

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023, and thus, pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted for Kilolo Kijakazi in this case. *See Melissa R. v. O'Malley*, No. 1:22-cv-02404-TAB-TWP, 2023 WL 8866397, at *1 n.1 (S.D. Ind. Dec. 22, 2023).

### A. Factual and Procedural Background

On April 21, 2023, Counsel entered into a fee agreement with Campbell for her representation of Campbell in federal court, in which Campbell agreed to pay Counsel 25 percent of any past-due benefits awarded to him and his family. (ECF 31-1 at 2-3).[2] On May 1, 2023, Campbell, via Counsel, filed the instant action in this Court, appealing the Commissioner's denial of his application for disability benefits. (ECF 1). As stated earlier, pursuant to the parties' agreed motion to remand (ECF 21), the Court entered a judgment in Campbell's favor and remanded the case on December 1, 2023. (ECF 22, 23).

On December 22, 2023, Campbell, via Counsel, filed a request for attorney fees under the EAJA in the amount of $13,576.20 for the 56.1 hours her firm spent advocating Campbell's claim in federal court. (ECF 24). On January 17, 2024, the Commissioner filed a stipulation by the parties to an EAJA fee award of $12,000. (ECF 28). The Court subsequently granted Campbell's motion, as modified by the stipulation, and awarded Campbell $12,000 in EAJA fees. (ECF 29).

In September 2024, the Commissioner sent Campbell a notice of award, informing that he was found disabled as of October 30, 2020, and entitled to monthly disability benefits beginning April 2021. (ECF 31-1 at 4-12). The Commissioner further explained that he withheld $18,242.43 as 25 percent of Campbell's past-due benefits to pay Campbell's attorneys. (*Id.* at 7).[3]   On November 22, 2024, Counsel filed the instant motion, together with a supporting memorandum and documents, seeking the Court's approval of a § 406(b) award in the amount of

---

[2] The most common fee arrangement between attorneys and Social Security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

[3] Thus, apparently Campbell was awarded $72,969.72 in total past-due benefits. (*See* ECF 31 at 4).

2

$18,000, less an offset for $12,000 in EAJA fees previously awarded, resulting in a net payment of $6,000 from Campbell's withheld past-due benefits for Counsel's representation before this Court. (ECF 30-31). Several days later, Campbell filed a notice of consent to the motion. (ECF 32). Additionally, the Commissioner filed a response stating that he takes no position on the motion. (ECF 33).

### B. Legal Standard

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id.*; *see Arnold v. O'Malley*, 106 F.4th 595, 599 (7th Cir. 2024). Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government. *See Gisbrecht*, 535 U.S. at 796.[4]

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for the attorney's representation at the administrative level. *See Gisbrecht*, 535 U.S. at 794-95; *see also* 20 C.F.R. § 404.1725(a).[5] Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. §

---

[4] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A).

[5] There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *See Gisbrecht*, 535 U.S. at 795.

3

406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.[6] This 25 percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *Culbertson v. Berryhill*, 586 U.S. 53, 61 (2019). "[A] petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.*

Unlike the award by the Commissioner under § 406(a), the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 808-09. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted); *see Arnold*, 106 F.4th at 601 ("[A] district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery

---

[6] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction." (citations omitted)).

### C. Analysis

The Court is charged with determining whether Counsel's requested fee (prior to subtracting the EAJA award) of $18,000 under the fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A); see Janet H. v. Saul, No. 1:19-cv-00939-DLP-JRS, 2020 WL 6946471, at *2 (S.D. Ind. Nov. 25, 2020) ("Gisbrecht and its ensuing cases advise that courts should start the analysis with the Plaintiff and counsel's contingency fee agreement."). The notice of benefits indicates that the Commissioner withheld $18,242.43 as 25 percent of Campbell's past-due benefits. (ECF 31-1 at 7). As such, the fee amount that Counsel requests, $18,000, does not exceed 25 percent of Campbell's total past-due benefits.

Counsel contends that the requested fee award of $18,000 "reflects a valid contract, the substantial risk associated with this litigation, potential recovery, the results obtained for [Campbell, and] the time counsel expended on the matter . . . ." (ECF 31 at 4). Indeed, it is obvious that Counsel obtained a good result for Campbell, as the Commissioner agreed to remand the case and ultimately found Campbell disabled and awarded him disability benefits. (ECF 21; ECF 31-1 at 4-12); see Gisbrecht, 535 U.S. at 808 (acknowledging that courts consider in § 406(b) fee requests the character of the representation and the results the representative achieved); see also Arnold, 106 F. 4th at 601. Counsel timely litigated the case and the subsequent fee motions, not seeking any material extensions of time that would delay the case overall. (See ECF 11); see also Gisbrecht, 535 U.S. at 808 (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that

5

would contribute to the attorney's profit from the accumulation of the claimant's past benefits). Nor is there any indication that Campbell was dissatisfied with Counsel's representation, as Campbell filed an acknowledgment of his consent to Counsel's fee request of $18,000. (ECF 32); *see Arnold*, 106 F.4th at 601 (identifying "the claimant's satisfaction with their attorney's representation" as a factor to consider in 406(b) fee cases).

Further, the risk of loss the attorney assumes in representing the plaintiff is a factor some courts consider when assessing the reasonableness of the requested fee. *See, e.g.*, *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002) ("[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements."); *see also Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." (footnote omitted)). Indeed, it is "widely recognized . . . that recovery under contingency fee agreements serves to offset an attorney's losing cases, . . . [which] is especially significant in the context of Social Security cases where the risk of loss is high and cases potentially stretch out over long periods of time." *Janet H.*, 2020 WL 6946471, at *4 (collecting cases).

Moreover, Counsel's requested fee of $18,000 divided by the 56.1 hours her firm spent on the case in federal court equates to an effective rate of about $321 per hour, which is well within the range of past awards approved by this Court. *See, e.g. Toth v. Saul*, No. 1:17-cv-00516-SLC, 2020 WL 6441313, at *3 (N.D. Ind. Nov. 3, 2020) (awarding fee equating to $330 per hour); *Pence v. Saul*, No. 1:17-cv-0090-SLC, 2020 WL 1673031, at *3 (N.D. Ind. Apr. 6,

2020) (awarding fee equating to $554 per hour); *Clore v. Saul*, No. 1:17-cv-00026-SLC, 2020 WL 1673030, at *3 (N.D. Ind. Apr. 6, 2020) (awarding fee equating to $550 per hour). This bolsters the Court's conclusion that the contingent-fee arrangement will not result in unreasonable fees, as there is no indication that "the benefits are large in comparison to the amount of time counsel spent on the case." *Arnold*, 106 F.4th at 600 (citation and quotation marks omitted).

Accordingly, the Court will grant Counsel's motion and authorize a § 406(b) fee award of $18,000, less an offset for $12,000 in EAJA fees previously awarded, resulting in a net fee award to Counsel of $6,000. *See Gisbrecht*, 535 U.S. at 796; *see also O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2020) (stating that while not favored, "the netting method is permissible" with respect to payment of § 406(b) fees (internal quotation marks omitted)).

### D. Conclusion

For the foregoing reasons, Counsel's motion for authorization of attorney fees pursuant to § 406(b) (ECF 30) is GRANTED in the amount of $18,000, less an offset for $12,000 in EAJA fees previously awarded, resulting in a net fee award to Counsel of $6,000. The Commissioner shall pay Counsel $6,000 out of Campbell's withheld past-due benefits in accordance with agency policy and release any remaining withheld benefits to Campbell. Counsel is allowed to retain the $12,000 in EAJA fees previously awarded.

SO ORDERED.

Entered this 16th day of December 2024.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge